UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAITIAN BRIDGE ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, <br> *President of the United States, et al.*, <br><br> Defendants. | Civil Action No. 21-cv-3238 <br><br> Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

The plaintiffs in this action, "eleven Haitian asylum seekers who were victims of U.S. officials' abusive treatment in the [U.S. Customs and Border Patrol] Encampment . . . and Haitian Bridge Alliance, a community-based organization," Pls.' Class Action Complaint for Injunctive and Declaratory Relief ("Compl.") ¶ 11, ECF No. 1, have moved for seven of the eleven individual plaintiffs (the "Doe Plaintiffs") to proceed under pseudonyms in their instant action seeking, on behalf of a proposed class of Haitian asylum-seekers, declaratory and injunctive relief regarding the government's policies governing asylum for Haitian refugees, *id.* at 83–84. Plaintiffs argue that proceeding under pseudonym is appropriate because the Doe Plaintiffs "reasonably fear[] that revealing their names would destroy their privacy and subject them and their family members to harm, either at the hands of persecutors in the countries where they currently are, or in the form of retaliation from the United States government or other foreign governments, possibly in connection with their attempt to seek immigration relief from the United States." Pls.' Mem. Supp. Mot. for Leave to Proceed Under Pseudonyms ("Pls.' Mem.") at 1–2, ECF No 8-1. For the reasons set forth below, the

Court will grant the plaintiffs' motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

## I. BACKGROUND

The Doe Plaintiffs are individuals "who fled life-threatening violence in their native country of Haiti and have been unable to avail themselves of Congressionally-created legal protections to seek asylum or other forms of immigration relief. *Id.* at 2. Each of the seven Doe Plaintiffs has "survived violence and death threats in Haiti." *Id.* Specifically, Wilson Doe's wife "was kidnapped and held for ransom in Haiti[,] . . . Jacques Doe and Paul Doe received multiple death threats for refusing to join or work for gangs . . . [, and] Samuel and Samentha Doe, and Esther and Emmanuel Doe, were threatened with death by the political party in power because they or their families were affiliated with an opposition party." *Id.* Each of them has also "endured inadequate food, water, and shelter, a denial of basic medical care, and physical and verbal abuse at the hands of U.S. government officials as they attempted to access the asylum system in the United States." *Id.* at 2–3. The plaintiffs argue that litigating the case under the Doe Plaintiffs' full names "risks revealing [their] identities and destroying their privacy, and could bring about further violence against them or their families in Haiti or in the countries where they currently are." *Id.* at 3.

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full

---

[1] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require 'parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances in which filings may be redacted and where access to public filings may be limited. FED. R. CIV. P. 5.2. Minors, for example, must be referred to using only their initials. FED. R. CIV. P. 5.2(a)(3). The court may also, for good cause, "require redaction of additional information." FED R. CIV. P. 5.2(e)(1).

Courts have also, in special circumstances, permitted a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity

against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiffs have met their burden of showing that the Doe Plaintiffs' privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The public's interest in the litigants' identities is *de minimis* compared to the significant privacy interests of

4

the Doe Plaintiffs, who, along with their families, "would face significant risks, including physical harm and death, if their identities were publicly revealed." Pls.' Mem. at 4.

First, the Doe Plaintiffs do not seek to proceed under pseudonym "merely to avoid . . . annoyance and criticism," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97. The Doe Plaintiffs "have provided and will continue to provide highly sensitive personal information about their experiences in both Haiti and in the United States," Pls.' Mot. at 4, including information "that would subject the Doe Plaintiffs and their children to the risk of physical danger and to emotional trauma and embarrassment." *Id.* at 6. They fear that if "people around them know that they are [] plaintiffs in a lawsuit against the United States government," they themselves could be targeted "for violence, kidnapping, or extortion," *id.*, and their "parents or other relatives in Haiti could become targets," *id.* at 6–8. This factor weighs in favor of proceeding under pseudonym.

Second, the plaintiffs have sufficiently alleged that disclosure of the Doe Plaintiffs' identities "poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). The Doe Plaintiffs explain that they and their families "have already faced physical violence in Haiti and Mexico" and they "fear that the same individuals and gangs who threatened them and their families previously will seek them out or their children if they learn that the Doe Plaintiffs have fled the country, wish to seek asylum in the United States, and are participating as plaintiffs in a lawsuit against the U.S. government." Pls.' Mot. at 9. Given that "[p]otential retaliatory physical or mental harm against individuals in another country can from the basis for permitting plaintiffs to use pseudonyms," *Does I thru XXIII v.*

*Advanced Textile Corp.*, 214 F.3d 1058, 1063 (9th Cir. 2000)), this factor also weighs in favor of proceeding under pseudonym.

As for the third *James* factor, the Court agrees that protecting the Doe Plaintiffs' "anonymity is all the more warranted because some of them are parents to minor children." Pls.' Mot. at 9; *see also In re Sealed Case*, 931 F.3d at 97 (quoting *James,* 6 F.3d at 238). At least for the Doe Plaintiffs who have minor children, the risks to their children from disclosing the identities of the parents weighs heavily in favor of sealing. *See J.W. v. Dist. Of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016) (allowing parents to proceed under pseudonym where "a parent's identity, if disclosed, could jeopardize the child's confidentiality" because their "privacy interests are intractably intertwined" (internal citations and quotations omitted)).

The fourth *James* factor weighs slightly against granting the Doe Plaintiffs pseudonymity, as "there is a heightened public interest when an individual or entity files a suit against the government." *In re Sealed Case*, 971 F.3d at 329. In suits such as this one, however, nothing about the proceedings creates a need for transparency with respect to the Doe Plaintiffs' identity. *Cf. id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations). As plaintiffs acknowledge, "the public does indeed have an interest in seeing important asylum questions litigated," Pls. Mot. at 11, but that "interest" focuses on the legal issues being worked out, not the personal details of the litigants bringing those constitutional and statutory claims.

Finally, the defendants would suffer no "risk of unfairness" if the plaintiffs' motion were granted. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).

Allowing the Doe Plaintiffs to proceed under pseudonyms will have no impact on any private rights, as "defendants are government officials sued in their official capacities." Pls.' Mem. at 10. The Doe Plaintiffs' identities, moreover, "already are known or knowable to [d]efendants in connection with Doe Plaintiffs' detention in the Del Rio [e]ncampment" at the U.S.-Mexico border, *id.*, and "the primary dispute in this case turns on [d]efendants' compliance with their obligations under the Constitution, the Administrative Procedure Act, and the asylum and withholding laws," *id.* at 11. Thus, allowing the Doe Plaintiffs to proceed anonymously will not compromise the defendants' ability to defend this action.

In sum, weighed against the minimal apparent interest in disclosure, the Doe Plaintiffs' significant and "legitimate interest in anonymity" at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 97. Any general presumption in favor of open proceedings or public interest in disclosing the identities of the Doe Plaintiffs is significantly outweighed by the deadly threat that such disclosure would entail. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

IV. **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Proceed Using Pseudonyms is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonyms Wilson Doe, Jacques

7

Doe, Esther and Emmanuel Doe, Samuel and Samentha Doe, and Paul Doe for the seven Doe Plaintiffs; it is further

**ORDERED** that the plaintiffs must file, under seal, within ten days of this Order, a declaration containing the real names and residential addresses of the Doe Plaintiffs; it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the Doe Plaintiffs' identities or any personal identifying information that could lead to the identification of the Doe Plaintiffs by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: December 23, 2021

_____
BERYL A. HOWELL
Chief Judge