UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAITIAN BRIDGE ALLIANCE *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN *et al.*, <br><br> Defendants. | Civil Action No. 22-3317 (EGS) |

**UNOPPOSED MOTION TO EXTEND DEADLINE
TO MOVE FOR CLASS CERTIFICATION**

Plaintiffs, by and through undersigned counsel, move pursuant to Federal Rule of Civil Procedure 6(b)(1), for an extension of Plaintiffs' deadline to seek class certification until ninety (90) days after a Local Civil Rule 16.3 scheduling conference is held or, if only Administrative Procedure Act claims remain following a decision on Defendants' Motion to Dismiss, ninety (90) days after the Court's decision on Defendants' Motion to Dismiss. Defendants do not oppose this Motion. As grounds for this Motion, Plaintiffs state as follows:

1. On December 20, 2021, Plaintiffs filed the Complaint in this action. ECF No. 1. On January 13, 2022, Summons and Complaint were delivered to the U.S. Attorney's Office for the District of Columbia. ECF No. 13.

2. Pursuant to Local Civil Rule 23.1(b), Plaintiffs must move for class certification within 90 days of filing the complaint. Under Federal Rule of Civil Procedure 6(a)(1), the deadline for Plaintiffs to move for class certification is thus currently March 21, 2022.

3. Plaintiffs seek to extend their deadline for the Motion for Class Certification to ninety (90) days after a Local Civil Rule 16.3 scheduling conference is held or, if only Administrative Procedure Act claims remain following a decision on Defendants' Motion to Dismiss, ninety (90) days after the Court's decision on Defendants' Motion to Dismiss.

4. Plaintiffs have good cause to seek this extension due to the challenges involved in communicating with putative class representatives located in unstable living conditions outside the United States. Putative class representatives have been expelled to Haiti and Mexico, where they face severe threats to their safety, political instability, violent crime by gangs and cartels, and challenges to meeting their basic needs. In Haiti, national conditions have continued to be difficult due to the assassination of President Moïse and the 7.2 magnitude earthquake that debilitated the country's southern region. *See* Complaint, ECF No. 1, at ¶¶ 153–56. Many putative class representatives do not have stable housing or are in hiding. All face hardships in communicating by phone or through written electronic communications. Further, counsel face a language barrier when communicating with putative class representatives who all primarily speak Haitian Creole. As a result, it has been difficult for Plaintiffs' counsel to communicate with putative class representatives to prepare for the Motion for Class Certification. Extending the deadline to move for class certification will give Plaintiffs additional time to contact putative class representatives to prepare their declarations in support of class certification.

5. There is also good cause to extend Plaintiffs' deadline because discovery will benefit the class certification process. This case involves numerous Plaintiffs and putative class members who were expelled to Haiti and Mexico and are now scattered across multiple countries. Plaintiffs' underlying claims are also fact-intensive, implicating policies that were adopted and

implemented by Defendants across multiple agencies and varying levels of seniority. It would further the interests of judicial economy, for both the court and the parties, if class certification briefing occurs with the benefit of initial discovery on Plaintiffs' claims.

6. Pursuant to Local Civil Rule 7(m), on March 15, 2022, the undersigned counsel conferred with counsel for Defendants via email about this Motion. On March 16, 2022, counsel for Defendants indicated that they do not oppose the extension of the class certification motion deadline.

7. This is the first request for extension made by Plaintiffs. Defendants will not be prejudiced by this extension as Defendants were given notice and do not oppose Plaintiffs' Motion for Extension. Furthermore, Defendants have already submitted their own motion, currently pending, for a 45-day extension of their deadline to answer or respond to the complaint. ECF No. 19.

8. A proposed order is attached.

\*   \*   \*

Dated: March 16, 2022						Respectfully submitted,

/s/ *Esther H. Sung*

ESTHER H. SUNG (CA00132)
KAREN C. TUMLIN (CA00129)
JANE BENTROTT (DC Bar # 1029681)
LAUREN WILFONG (NJ0014)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: +1 323 316-0944
Facsimile: +1 323 450-7276
karen.tumlin@justiceactioncenter.org
esther.sung@justiceactioncenter.org
jane.bentrott@justiceactioncenter.org
lauren.wilfong@justiceactioncenter.org

STEPHEN MANNING (OR0024)
TESS HELLGREN (OR0023)
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
Telephone: +1 503 922-3042
Facsimile: +1 503-882-0281
stephen@innovationlawlab.org
tess@innovationlawlab.org

NICOLE PHILLIPS (*pro hac vice forthcoming*)
HAITIAN BRIDGE ALLIANCE
4265 Fairmount Avenue, Suite 280
San Diego, CA 92105
Telephone: +1 949-603-5751
nphillips@haitianbridge.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAITIAN BRIDGE ALLIANCE *et al.*,

        Plaintiffs,

    v.                                    Civil Action No. 22-3317 (EGS)

JOSEPH R. BIDEN *et al.*,

        Defendants.

## ORDER

Based upon consideration of Plaintiffs' Unopposed Motion to Extend Deadline to Move for Class Certification, and for good cause shown, it is hereby ORDERED that:

1. Plaintiffs' Motion is GRANTED;

2. Plaintiffs shall file for their Motion for Class Certification on or before ninety (90) days after a Local Civil Rule 16.3 scheduling conference is held or, if only Administrative Procedure Act claims remain following a decision on Defendants' Motion to Dismiss, ninety (90) days after the Court's decision on Defendants' Motion to Dismiss.

SO ORDERED this _____ day of March, 2022.

                                                                               _____
                                                                               U.S. District Court Judge