UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAITIAN BRIDGE ALLIANCE *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN *et al.*,<br><br>Defendants. | Civil Action No. 21-3317 (EGS) |

**PLAINTIFFS' OPPOSITION TO MOTION TO EXTEND DEADLINE TO RESPOND TO COMPLAINT**

Plaintiffs, by and through undersigned counsel, hereby oppose Defendants' Motion to Extend Deadline to Respond to Complaint. *See* ECF No. 23. As grounds for this opposition, Plaintiffs state as follows:

1. On December 20, 2021, Plaintiffs filed the Complaint in this action. ECF No. 1. On January 13, 2022, the Summons and Complaint were delivered to the U.S. Attorney's Office for the District of Columbia. ECF No. 13. Defendants' deadline to respond to the Complaint is April 28, 2022, per the Court's Minute Order entered on March 17, 2022. Defendants now request that they be permitted to respond to the Complaint either thirty days after Plaintiffs file an amended complaint, or, if Plaintiffs indicate they will not be amending the Complaint, on June 10, 2022. *See* Defs' Mot. to Extend ("Mot.") ¶ 5. Defendants' request should be rejected for lack of good cause.

2. *First*, while Plaintiffs would welcome the termination of the Title 42 Process, the announced rescission of the policy is far from certain, and thus any order further delaying

1

Defendants' response to the Complaint would be premature. The announced rescission is not set to take effect until May 23, 2022, and in the meantime there has been heated political debate on the subject of whether the rescission should even take effect. Indeed, since Defendants filed their motion, it has been reported that the Biden administration is planning to delay or even reverse its announced rescission.[1] Litigation is already pending that challenges the announced rescission, with briefing on a preliminary injunction set to conclude on May 9, 2022. *Louisiana v. Ctrs. for Disease Control and Prevention*, No. 6:22-cv-00885, ECF No. 19 (W.D. La. Apr. 20, 2022). This very debate surrounding the potential rescission of Title 42—which further exposes the pretextual use of Title 42 as an attempt to manage immigration rather than public health[2] —underscores the critical need for this Court not to delay the legal process by which it can assess and determine whether the CDC orders at issue are arbitrary and capricious. *See* ECF No. 1 at 77.

3.      Even more importantly, the potential future rescission is, by its own terms, not permanent. The CDC's April 1, 2022 Public Health Determination and Order Regarding the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists ("April 1, 2022 Order") expressly states that the "CDC will continue to assess the public health situation at the U.S. borders even after this Termination as part of its comprehensive COVID-19 response. If, for example, there is a substantial change in the public health situation with respect to the pandemic, such as due to new and particularly concerning SARS-CoV-2 variants, CDC could determine a new order under 42 U.S.C. §§ 265, 268 and 42 C.F.R. § 71.40 [which are

---

[1] *See* Hans Nichols & Jonathan Swan, *Scoop: Biden considers delaying Title 42 repeal*, AXIOS (Apr. 19, 2022), https://www.axios.com/biden-title-42-pandemic-border-policy-repeal-bd1c033e-ac90-4c34-abd1-3f7c48a1c4a4.html

[2] *See id.* (Title 42 "used the pandemic as a reason for turning back migrants attempting to enter the U.S., without the chance to seek asylum").

challenged in Plaintiffs' Complaint] is necessary." *See* Defs' Attachment A at 28. Given the ever-present threat of new SARS-CoV-2 variants, this language provides the CDC an open-ended opportunity to reinstate orders under Title 42. *See Belmont Abbey Coll. v. Sebelius*, 2012 WL 3861255, at *3 (D.D.C. Sept. 5, 2012) (agency positions are tentative where "the agency expressly reserves the possibility that its opinion might change") (quoting *Wheaton Coll. v. Sebelius*, 2012 WL 3637162 at *8 (D.D.C. Aug. 24, 2012)). Indeed, the CDC has suggested that COVID-19 will "never truly go away" and is likely to "ris[e] in the winter."[3] These statements show not only the possibility, but rather the likelihood, that the CDC will reinstate Title 42 in the future, just as it expressly reserved the right to do. Therefore, Plaintiffs' requests for relief under Title 42 as pled in Counts Five and Six of the Complaint, which request that Defendants be restrained from applying Title 42 both against Individual Plaintiffs and future Haitian asylum seekers, will remain at issue even if the April 1, 2022, Order goes into effect as scheduled. ECF No. 1 at 74–79. Fundamentally, judicial assessment of the legality of a program that the administration states it has the power to turn on and off at will cannot and should not be evaded by Defendants' own shifting statements.

4.  *Second*, even if Title 42 is rescinded and remains rescinded, the Defendants acknowledge that only two of Plaintiffs' eight claims for relief (Counts Five and Six) challenge the Title 42 Process on its face. Mot. ¶ 3. Plaintiffs' remaining claims are based on Constitutional violations (Counts One, Two, Three, and Four) and violations of the Administrative Procedure Act (Counts Seven and Eight). These claims challenge Defendants' conduct beyond the Title 42

---

[3] Erika Edwards, Kate Snow, & Lauren Dunn, *Covid will 'probably' become a seasonal virus, like the flu, Walensky says*, NBC NEWS (Mar. 7, 2022), https://www.nbcnews.com/health/health-news/walensky-covid-will-probably-seasonal-virus-flu-rcna19023

Process and are supported by Plaintiffs' allegations regarding the Haitian Deterrence Policy, "a series of decisions and policies designed to suppress the growing number of Haitians arriving at the border and to deter Haitians from seeking asylum in the United States in the future." ECF No. 1, ¶ 60; *see, e.g.,* ECF No. 1, ¶¶ 61–62 (describing Defendants' intentional efforts to deter Haitian asylum seekers); *id.* ¶¶ 79–121 (alleging that CBP personnel abused Haitian asylum seekers pursuant to the Haitian Deterrence Policy by depriving them of food, water, shelter, and medical care); *id.* ¶¶ 174–178 (alleging that Defendants' discriminatory intent resulted in the implementation of the Haitian Deterrence Policy). Because the challenged conduct in these claims for relief exceeds the scope of the Title 42 Process addressed by the CDC's April 1, 2022 Order, Defendants have not shown good cause as to why litigation of these claims should be further delayed.

5.   Finally, Defendants' requested delay would harm Plaintiffs and potential class members whose need for relief is time-sensitive. As long as Defendants' challenged policies continue to prevent Plaintiffs and the proposed class from accessing the lawful process to seek asylum in the United States, many of them remain in danger and face daily hardship. *See* ECF No. 1, ¶ 210. Plaintiffs have no current plans to amend the Complaint, and the current deadline of April 28, 2022—already extended once at Defendants' request (ECF No. 19; Minute Order (Mar. 17, 2022))—gives Defendants ample time to respond since its filing on December 20, 2021. Good cause does not exist to inject unnecessary delay based on speculation and uncertainty while Plaintiffs face this harm.

6. For the reasons stated above, the Court should reject Defendants' Motion to Extend and maintain the current deadline, requiring the Defendants to respond to the Complaint by April 28, 2022.

\* \* \*

Dated: April 25, 2022                    Respectfully submitted,

/s/ Esther H. Sung

ESTHER H. SUNG (CA00132)
KAREN C. TUMLIN (CA00129)
JANE BENTROTT (DC Bar # 1029681)
LAUREN WILFONG (NJ041)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: +1 323 316-0944
Facsimile: +1 323 450-7276
karen.tumlin@justiceactioncenter.org
esther.sung@justiceactioncenter.org
jane.bentrott@justiceactioncenter.org
lauren.wilfong@justiceactioncenter.org

STEPHEN MANNING (OR0024)
TESS HELLGREN (OR0023)
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
Telephone: +1 503 922-3042
Facsimile: +1 503-882-0281
stephen@innovationlawlab.org
tess@innovationlawlab.org

NICOLE PHILLIPS (*pro hac vice forthcoming*)
HAITIAN BRIDGE ALLIANCE
4265 Fairmount Avenue, Suite 280
San Diego, CA 92105
Telephone: +1 949-603-5751
nphillips@haitianbridge.org

*Counsel for Plaintiffs*