UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAITIAN BRIDGE ALLIANCE *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 21-3317 (EGS) |
| JOSEPH R. BIDEN *et al.*, | |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION TO EXTEND DEADLINE
TO RESPOND TO COMPLAINT**

Defendants, by and through undersigned counsel, briefly respond to Plaintiffs' Opposition (ECF No. 24) to Defendants' April 14, 2022, Motion to Extend Deadline to Respond to Complaint (ECF No. 23).

1. On Tuesday, April 19, 2022, the Court ordered Plaintiffs to file their response to Defendants' motion "by no later than April 22, 2022." *See* Apr. 19, 2022, Minute Order. Plaintiffs did not comply with the Court's directive. Instead, Plaintiffs filed their Opposition three days late without previously seeking an extension of their deadline for good cause or moving now based on "excusable neglect." Because Plaintiffs did not move for an extension prior to the expiration of the time permitted, their Opposition can be accepted only "on motion made after the time has expired" demonstrating "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The D.C. Circuit has found that it is an abuse of the court's discretion to consider an untimely filing in the absence of such a motion. *Smith v. Dist. of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005); *cf. Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 898 (1990) (reversing appellate court's holding that trial court abused its discretion in rejecting untimely affidavits filed

without a motion demonstrating excusable neglect). Courts routinely refuse to accept filings under these circumstances even where the delay is minor and no prejudice would result. *See Inst. for Policy Studies v. CIA*, 246 F.R.D. 380, 382 (D.D.C. 2007) (citing cases). Therefore, Defendants respectfully submit that their Motion be treated as conceded in accordance with Local Civil Rule 7(b) and the foregoing precedent.

2. If the Court does consider Plaintiffs' Opposition, Defendants note the clear disconnect in Plaintiffs' representations to the Court. Here, Plaintiffs argue against Defendants' requested extension by asserting that six of the eight claims in their Complaint "challenge Defendants' conduct beyond the Title 42 Process." Opp. ¶ 4. Plaintiffs argue that because they allege constitutional and Administrative Procedure Act claims to challenge conduct that "exceeds the scope of the Title 42 Process," Defendants have not shown good cause as to why litigation of these claims should be delayed. *Id*. Yet in arguing that the instant case is related to *Huisha-Huisha v. Gaynor*, Civ. A. No. 21-100, and *P.J.E.S. v. Wolf*, Civ. A. No. 20-2245, Plaintiffs told this Court previously, among similar statements, that "claims relating to the Del Rio CBP Encampment and how the named Plaintiffs and putative class members were treated while they were processed and expelled under the Title 42 Process also arise out of the enforcement of the Title 42 Process." Joint Status Report (ECF No. 20) at 6. If Plaintiffs believe this case is sufficiently unrelated to Title 42 that it should move ahead, while proceedings in *Huisha-Huisha* are effectively stayed as a result of the CDC's termination order,[1] this further supports Defendants' argument that this action should be transferred to the Calendar and Case Management Committee for reassignment. Regardless, Plaintiffs should not be allowed to argue this case is

---

[1] *See Huisha-Huisha v. Gaynor*, Civ. A. No. 21-100, Joint Status Report (ECF No. 135) and April 15, 2022 Minute Order.

intertwined with Title 42 when they want the case to be deemed "related" and to argue this case is not so intertwined when they want to oppose Defendants' effort to align briefing with the implementation date of Title 42's termination.

3. Finally, Plaintiffs also argue against the requested extension based on speculation regarding potential future Executive action or potential rulings from other courts, but such speculation does not change the fact that the CDC Order underlying the removal of expelled Plaintiffs, and thus a portion of Plaintiffs' Complaint, has been terminated with an implementation date of May 23, 2022. Defendants submit that it would an inefficient use of the parties' and the Court's resources to begin briefing a motion to dismiss in the weeks leading up to the implementation date.

Dated: April 25, 2022                    Respectfully submitted,

                                            MATTHEW M. GRAVES, D.C. Bar. #481052
                                            United States Attorney

                                            BRIAN P. HUDAK
                                            Chief, Civil Division

By:   */s/ Sean M. Tepe*
                                            SEAN M. TEPE, DC Bar #1001323
                                            DIANA VALDIVIA, DC Bar #1006628
                                            Assistant United States Attorney
                                            555 Fourth St., N.W.
                                            Washington, D.C. 20530
                                            Phone: (202) 252-2533; (202) 252-2545
                                            sean.tepe@usdoj.gov
                                            diana.valdivia@usdoj.gov