**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| HAITIAN BRIDGE ALLIANCE, *et al.*,<br><br>                 Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, PRESIDENT OF THE UNITED STATES, *et al.*,<br><br>                 Defendants. | Civ. Action No. 21-3317 (EGS) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs—the California-based nonprofit Haitian Bridge Alliance and eleven Haitian asylum seekers expelled from the United States—bring this lawsuit against various federal government officials and departments[1] ("Defendants" or "the

---

[1] Defendants include Joseph Biden, President of the United States, in his official capacity; Alejandro J. Mayorkas, Secretary of Homeland Security, in his official capacity; the Department of Homeland Security; Chris Magnus, Commissioner for U.S. Customs and Border Protection, in his official capacity; William A. Ferrara, Executive Assistant Commissioner of U.S. Customs and Border Protection Office of Field Operations, in his official capacity; Raul Ortiz, Chief of U.S. Border Patrol, in his official capacity; U.S. Customs and Border Protection; Tae D. Johnson, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. Immigration and Customs Enforcement; Xavier Becerra, Secretary of Health and Human Services, in his official capacity; Department of Health and Human Services; Rochelle P. Walensky, Director of Centers for Disease Control and Prevention, in her official capacity; and Centers for Disease Control and Prevention. *See* Compl., ECF No. 1.

government") alleging violations of the Due Process Clause of the Fifth Amendment; the Administrative Procedure Act ("APA"); the Immigration and Nationality Act ("INA"); the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"); and the Public Health Service Act of 1944. *See* Compl., ECF No. 1.[2] Plaintiffs seek to bring their claims on behalf of a class of similarly situated persons defined as "all Haitian, or presumed Haitian, individuals who (1) sought access to the U.S. asylum process in or around the CBP Encampment near the Del Rio Port of Entry between September 9 and 24, 2021, and (2) were denied access to the U.S. asylum process." *Id.* ¶ 271.

Upon filing, Plaintiffs designated this lawsuit as related to *Huisha-Huisha v. Gaynor*, No. 21-cv-100 (D.D.C. 2021), and *P.J.E.S. v. Wolf*, No. 20-cv-2245 (D.D.C. 2020), requesting that the case be assigned to this Court under Local Civil Rule 40.5(a). *See* Notice Related Case, ECF No. 7. Defendants object to the designation of this case as related to the two other cases, and request that this Court transfer this action to the Calendar and Case Management Committee for reassignment. Joint Status Report ("JSR"), ECF No. 20 at 11-12.

---

[2] When citing to electronic filings throughout this Memorandum Opinion the Court cites to the ECF header page number not the page number of the filed document.

Upon careful consideration of the parties' arguments, the applicable law, and the entire record, the Court **SUSTAINS** Defendants' objection.

Generally, all new cases are randomly assigned. *See* LCvR 40.3(a). Random assignment "ensure[s] greater public confidence in the integrity of the judicial process[,] . . . guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). However, the local rules provide for an exception for "related cases" in the interest of judicial economy. *See* LCvR 40.5. Civil cases are considered "related" when "the earliest is still pending on the merits in the District Court," and they: (1) "relate to common property," (2) "involve common issues of fact," (3) "grow out of the same event or transaction," or (4) "involve the validity or infringement of the same patent." LCvR 40.5(a)(3).

"The party requesting the related-case designation bears the burden of showing that the cases are related under Local Civil Rule 40.5." *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016). This burden is "heavy," as "[d]eviating from th[e] foundational principle" of random assignment "is appropriate only if the relationship between the . . . cases is certain." *Dakota Rural Action v. Dep't of Agric.*, No. 18-cv-2852

(BAH), 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019). If a party objects to the designation that cases are related, "the matter shall be determined by the judge to whom the case is assigned." *See* LCvR 40.5(c)(3).

Here, Plaintiffs argue that this case is related to *Huisha-Huisha* and *P.J.E.S.* because all three cases are class actions that arise out of the "same event or transaction" and involve multiple "common issues of fact." JSR, ECF No. 20 at 2 (quoting LCvR 40.5(a)(3)). According to Plaintiffs, (1) "[e]ach of these three cases challenges on a classwide basis the same Title 42 Process: the unprecedented use of public health powers to justify the immediate expulsion of asylum seekers without any of the procedural protections guaranteed by Congress"; (2) "[e]ach case concerns whether class members were afforded the safeguards expressly provided by the [INA] before class members were expelled under the Title 42 Process"; (3) "[e]ach seeks the same relief of enjoining the continued application of the Title 42 Process against class members"; and (4) "each case will require this Court to assess the same administrative record underlying the Title 42 Process." JSR, ECF No. 20 at 1-2. Defendants concede that all three cases challenge, to some degree, the lawfulness of the Title 42 Process, but argue that this fact is not enough to make the cases related. *Id.* at 17. Defendants further argue that this case is factually distinct from *Huisha-*

*Huisha* and *P.J.E.S. Id.* Whereas *Huisha-Huisha* concerned a class
of families subject to expulsion pursuant to Title 42, and
*P.J.E.S.* involved a putative class of minors who were subject to
expulsion pursuant to Title 42, here, in contrast, the "putative
class definition does not reference Title 42 explicitly and is
focused instead on a certain population (Haitian migrants)
crossing at a certain location (Del Rio) near a certain CBP
'encampment' and at a certain time (between September 9 and 24,
2021) that were allegedly denied access to the asylum process
and expelled." *Id.* at 16.

The Court agrees with Defendants. First, with regard to
whether this case arises out of the "same event or transaction,"
the fact that Plaintiffs' Complaint includes a challenge to the
Title 42 Process is not sufficient in this instance to override
the general rule of random case assignment. Generally, there
must be a "substantial overlap" among cases for them to be
properly deemed related. *See, e.g.*, *Autumn Journey Hospice, Inc.
v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010) (finding
related where "[e]ach case . . . presents *identical issues* for
resolution" (emphasis added)); *see also Comm. on the Judiciary
v. McGahn*, 391 F. Supp. 3d 116, 121-22 (D.D.C. 2019) ("The
principle behind the related case rule is that in certain
instances, the strong presumption of random case assignment is
outweighed by the interests of judicial efficiency in narrow

circumstances, such as when *virtually identical and highly overlapping issues* of fact are likely to be resolved in two cases." (emphasis added)). Here, although each of the three cases at issue involve claims challenging the lawfulness of the Title 42 Process, they do so to different degrees. For example, both *Huisha-Huisha* and *P.J.E.S.* involve substantively identical claims that are targeted at the Title 42 Process, with the exception that *P.J.E.S.* includes one additional claim under the Trafficking Victims Protection Reauthorization Act. *See P.J.E.S.* Compl., ECF No. 1; *Huisha-Huisha* Second Am. Compl., ECF No. 131. In this action, on the other hand, only two of eight claims facially challenge the Title 42 Process; the majority of Plaintiffs' Complaint instead concerns the so-called "Haitian Deterrence Policy," which Plaintiffs allege the government separately developed to apply the Title 42 Process solely to Haitians. *E.g.*, Compl., ECF No. 1 ¶ 8. Indeed, Plaintiffs' Complaint alleges that the government "departed from [the Title 42 Process] specifically for Haitian families in Del Rio." *Id.* ¶ 173; *see Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000) (finding, in dicta, that two cases did not arise out of common events or transactions, though plaintiffs had claimed they were "injured by the same policies of defendant and in the same manner" as plaintiffs in the other case); *Dale v. Exec. Off. of President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (finding cases

6

were not related though "all of the[] cases involved the denial
of a Privacy Act request"). Moreover, although Plaintiffs argue
that the Court will be required to "assess the same
administrative record underlying the Title 42 Process" as in
*Huisha-Huisha* and *P.J.E.S.*, only one of Plaintiffs' eight claims
challenges the Title 42 process as arbitrary and capricious
agency action. *See generally* Compl., ECF No. 1.

The cases Plaintiffs cite in their favor are
distinguishable for the same reasons. For example, in *Autumn
Journey Hospice, Inc.*, because the two cases at issue presented
"*identical* issues for resolution," the district court found that
"there [was] substantial overlap in both the factual
underpinning and the legal matters in dispute in each of the[] .
. . cases." 753 F. Supp. 2d at 140 (emphasis added). And in
*Singh*, the plaintiffs in both cases at issue challenged the same
governmental regulations "on the same grounds." 187 F. Supp. 3d
152. As explained above, here, "Title 42 is but one policy being
challenged in a case that is focused on the treatment of Haitian
migrants specifically." JSR, ECF No. 20 at 17. Therefore, though
all three cases involve the Title 42 Process to some extent, the
Court does not find that they all grow out of the same event or
transaction "on the whole." *See G.Y.J.P. v. Wolf*, No. 20-cv-1511
(TNM), 2020 WL 4192490, at *2 (D.D.C. July 21, 2020) ("Though
the goal of each Plaintiff is the same—to challenge Defendants'

Title 42 Process—sharing the same litigation purpose is not enough to make the cases related."); *Lucas v. Barreto*, No. 04-1262 (EGS), 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005) (concluding that two cases did not "on the whole, 'grow out of the same event or transaction,'" even though an agency's "Performance Review Process" served as a "hook" between them).

Second, the Court is not persuaded that the three cases at issue involve sufficient "common issues of fact." LCvR 40.5(a)(3)(ii). Plaintiffs argue that the three cases "raise common factual questions because all three cases fundamentally revolve around the same central allegations: the process by which Defendants adopted and implemented the Title 42 Process, and the denial of plaintiffs' rights under the INA when subjected to the Title 42 Process." JSR, ECF No. 20 at 7. But as stated above, the Court does not agree that the "central allegations" in this case revolve around the Title 42 Process; rather, the core of this case challenges the Haitian Deterrence Policy and how it was applied to Haitian asylum seekers at the Del Rio Encampment.

For the foregoing reasons, the Court **SUSTAINS** the government's objection. This case shall be transferred to the Calendar and Case Management Committee for random reassignment. LCvR 40.5(c)(1).

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**June 14, 2022**