# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAITIAN BRIDGE ALLIANCE, et al., *Plaintiffs*, v. JOSEPH R. BIDEN, PRESIDENT OF THE UNITED STATES, *in his official capacity*, et al., *Defendants*. | Civil Action No. 21-cv-3317 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED USING PSEUDONYMS**

Plaintiffs file this memorandum in support of Plaintiffs' motion for the Court's leave to proceed using pseudonyms for Wilson, Jacques Doe, Esther and Emmanuel Doe, Samuel and Samentha Doe, and Paul Doe.

The Doe Plaintiffs are individuals who, as described below, each fled life-threatening violence in their home country of Haiti; came to the United States/Mexico border near Del Rio, Texas in September 2021 to seek asylum and other immigration relief from the United States; were deprived of basic human necessities such as food, water, shelter, and basic medical care for multiple days while they followed the directives of U.S. officers to wait their turn to be processed by U.S. immigration officials; and were either forcibly removed back to Haiti or compelled by U.S. agents' actions to return to Mexico. Each Doe plaintiff reasonably fears that revealing their names would destroy their privacy and subject them and their family members to harm, either at the hands of persecutors in the countries where they currently are, or in the form of retaliation from the United States government or other foreign governments, possibly in connection with their

1

attempt to seek immigration relief from the United States. The government will not be prejudiced by allowing Petitioners to proceed using pseudonyms. For the reasons set forth below and in the accompanying Doe Plaintiffs' declarations, Plaintiffs respectfully request the Court to grant their motion to proceed under pseudonym.

## BACKGROUND

The Doe Plaintiffs are three sets of parents and two single adults who fled life-threatening violence in their native country of Haiti and have been unable to avail themselves of Congressionally-created legal protections to seek asylum or other forms of immigration relief. Plaintiffs came to the United States seeking safety after being subjected to various threats of violence and actual violence in Haiti.[1] They were each present in an encampment under and around the Del Rio International Bridge that the U.S. government established and maintained in September 2021.

Plaintiffs have survived violence and death threats in Haiti.[2] Wilson Doe's wife, for example, was kidnapped and held for ransom in Haiti. Wilson Doe Decl. ¶ 4. Jacques Doe and Paul Doe received multiple death threats for refusing to join or work for gangs. Jacques Doe Decl. ¶ 3; Paul Doe Decl. ¶ 3. Samuel and Samentha Doe, and Esther and Emmanuel Doe, were threatened with death by the political party in power because they or their families were affiliated with an opposition party. Samuel Doe Decl. ¶ 4; Esther Doe Decl. ¶ 4. These Plaintiffs have also all endured inadequate food, water, and shelter, a denial of basic medical care, and physical and

---

[1] *See* Compl. ¶¶ 16-22, 225, 232, 238, 246, 255; Declaration of Wilson Doe ("Wilson Doe Decl.") ¶¶ 4-7; Declaration of Jacques Doe ("Jacques Doe Decl.") ¶¶ 3-5; Declaration of Esther Doe ("Esther Doe Decl.") ¶¶ 4-6; Declaration of Samuel Doe ("Samuel Doe Decl.") ¶¶ 4-6; Declaration of Paul Doe ("Paul Doe Decl.") ¶¶ 3-5.
[2] *See, e.g.*, Compl. ¶¶ 16-22, 225, 232, 238, 246, 255.

verbal abuse at the hands of U.S. government officials as they attempted to access the asylum system in the United States.[3]

Including the full names of the Plaintiffs risks revealing the Plaintiffs' identities and destroying their privacy, and could bring about further violence against them or their families in Haiti or in the countries where they currently are.

## LEGAL STANDARD

Federal courts have discretion to allow parties to proceed anonymously when "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). To determine whether anonymity is warranted, this Court has considered: (1) whether the party's request seeks "to preserve privacy in a matter of a sensitive and highly personal nature," (2) whether "identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties," (3) "the ages of the persons whose privacy interests are sought to be protected," (4) "whether the action is against a governmental or private party," and (5) "the risk of unfairness to the opposing party" as a result of anonymity. *Id.*; *see also United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980) (applying a similar balancing test with factors including "the strength" of the property and privacy interests involved, as well as "the possibility of prejudice" to those opposing disclosure, to determine whether a party moving to seal has overcome the presumption against sealing records).

Whichever test applies, the same general balancing inquiry is at issue: "whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial

---

[3] *See* Complaint ¶¶ 16-22, 80, 90, 92, 95, 98, 100, 104, 107-108, 114-115, 132-133, 136-140; 151-152; Wilson Doe Decl. ¶¶ 6, 8-13; Paul ~~Jacques~~ Doe Decl. ¶¶ 6-16; Esther Doe Decl. ¶¶ 7-15; Samuel Doe Decl. ¶¶ 6-14; Jacques ~~Paul~~ Doe Decl. ¶¶ 6-12.

3

interest in knowing the identities of parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants." *Doe Co. No. 1 v. Consumer Fin. Prot. Bureau*, 195 F. Supp. 3d 9, 17 (D.D.C. 2016); *see also Chao*, 587 F. Supp. 2d at 99 (assessing whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant").

## ARGUMENT

All of the relevant factors supporting anonymity weigh in favor of allowing the Doe Plaintiffs to proceed using pseudonyms in this litigation. Plaintiffs have provided and will continue to provide highly sensitive personal information about their experiences in both Haiti and in the United States, including in the Complaint and in the Declarations accompanying this Motion. Plaintiffs and their families would face significant risks, including physical harm and death, if their identities were publicly revealed. *See* Mem. & Order at 5, *M.G.U. v. U.S. Dep't of Homeland Security*, No. 18-cv-1458-PLF (D.D.C. June 21, 2018) (Howell, J.), ECF No. 7 ("*M.G.U.* Order") (granting plaintiffs' motion to proceed using pseudonyms; "public identification might expose the plaintiffs and their families" to "significant risk of deadly violence"). Multiple Plaintiffs have witnessed human rights abuses perpetrated by U.S. government agents; the federal government may have already retaliated against them, by expelling them to Haiti or compelling them through inhumane treatment to return to Mexico, or may yet retaliate against them in the future. Plaintiffs, moreover, have described the violence and threats that they have survived in Haiti, as well as the extreme physical hardship that they endured in the Del Rio Encampment because of the United States' government failure to provide them and others with basic human necessities such as food,

water, shelter, and basic medical care.[4]  Identification of the Doe Plaintiffs on the public record would expose them and their minor children to a high "risk of retaliatory physical or mental harm." *J.W. v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016) (noting that the confidentiality afforded to a child by proceeding under pseudonym "would be 'eviscerated unless the parent was also permitted to proceed using initials'" (citation omitted)); *Chao*, 587 F. Supp. 2d at 99.  As discussed further below, this matter also involves highly sensitive information about what happened to families that included minor children, including an instance of kidnapping and physical abuse by government agents.  Disclosure of their parents' names—from which minor children's own identities could be discovered—would further harm these families and children by publicly disclosing sensitive and traumatic details of their lives.[5]

Whereas Doe Plaintiffs and their families will be severely prejudiced if their identities were to be disclosed, allowing Plaintiffs to proceed anonymously does not risk any unfairness to Defendants, all of whom are Government agencies or Government officials sued in their official capacities.  Furthermore, the public has no interest in the exposure of Plaintiffs' identities.  *See* Mem. & Order at 5, *S.M.S.R. v. Trump*, No. 18-cv-2838-RDM (D.D.C. Dec. 3, 2018) (Howell, J.), ECF No. 2 ("*S.M.S.R.* Order") ("The public's interest in the litigants' identity is *de minimis* compared to the significant privacy interests of the plaintiffs, asylum seekers who would face significant risks, including physical harm and death, if their identities were publicly revealed." (internal quotation marks and citation omitted)).

---

[4] *See* Compl. ¶¶ 16-22, 80, 90, 92, 95, 98, 100, 104, 107-108, 114-115, 132-133, 136-140; 151-152; Wilson Doe Decl. ¶¶ 6, 8-13; Paul ~~Jacques~~ Doe Decl. ¶¶ 6-16; Esther Doe Decl. ¶¶ 7-15; Samuel Doe Decl. ¶¶ 6-14; Jacques ~~Paul~~ Doe Decl. ¶¶ 6-12.

[5] Wilson Doe Decl. ¶¶ 2, 4, 8-14; Esther Doe Decl. ¶¶ 2, 4, 7-15; Samuel Doe Decl. ¶¶ 2, 4, 7-14.

5

I.  **The Complaint and Accompanying Documents Reveal Highly Personal And Sensitive Information About the Doe Plaintiffs and Their Children.**

This case involves sensitive and highly personal information, such that the names of Wilson Doe, Jacques Doe, Esther and Emmanuel Doe, Samuel and Samentha Doe, and Paul Doe should not be exposed to the public. That information is particularly sensitive due to the serious violence and persecution—further detailed in the Complaint—that these individuals have already and will face again should their identities be revealed. The information to be presented and discussed in these proceedings includes a range of matters that would subject the Doe Plaintiffs and their children to the risk of physical danger and to emotional trauma and embarrassment. Examples appear below and in the Complaint.

- Esther Doe and her family were targeted in Haiti because of her family's affiliation with the opposition political party where they lived. Her entire family was constantly under threat from the gang that worked for the majority political party. They received multiple threats of violence and gang members would invade Esther Doe's home whenever they wanted to steal things from her family. *See* Compl. ¶¶ 20, 238; Esther Doe Decl. ¶ 4. Esther Doe is now in Mexico, and she and her husband fear that if people around them know that they are a plaintiffs in a lawsuit against the United States government, and that they wish to seek asylum in the United States, they will target her and her family for violence, kidnapping, or extortion. *See* Esther Doe Decl. ¶¶ 16-17; *see also* Declaration of Emmanuel Doe ¶ 5.

- Samuel Doe's work for a political candidate put his life in danger. The rival political party beat him and his father, and masked men armed with machetes showed up at the school where Samuel Doe worked, asking for him. *See* Compl. ¶¶ 21, 246; Samuel Doe Decl. ¶ 4. That political party remains in operation, and he fears that if people in the city where he grew up learned that he is a plaintiff in a lawsuit against the U.S. government, his parents or other relatives in Haiti could

6

become targets for the same people who threatened his life. Samuel Doe Decl. ¶¶ 16-17; *see also* Declaration of Samentha Doe ("Samentha Doe Decl.") ¶¶ 6-7. If he is forced to return to Haiti, he similarly fears that the same people would find him and attack him and his family again. Samuel Doe Decl. ¶¶ 16-17; *see also* Samentha Doe Decl. ¶¶ 6-7.

- Jacques Doe refused to join a gang and instead called the police on them. But his bravery prompted the gang to retaliate: they hounded him everywhere he went, threatening to kill him. They even followed him and continued the death threats when he moved to the countryside in an effort to escape their reach. Jacques Doe lived in constant fear for his life while he was in Haiti. *See* Compl. ¶¶ 19, 232; Jacques Doe Decl. ¶ 3. Because he was expelled back to Haiti, that fear has returned. He fears that if his name is publicly associated with this lawsuit, that information could get out to people in Haiti, especially the gang members who threatened his life, and they would find ways to locate him and retaliate against him for trying to escape their reach. Jacques Doe Decl. ¶¶ 15-18.

- Like Jacques Doe, Paul Doe refused to join a gang and, in doing so, put his life at risk—because in his hometown, either you join a gang, or you die. He became a target for the local gang because his uncle owed money to a gang affiliated with the dominant political party, but could not pay—and so they killed him. The gang then started pressuring Paul Doe to work for them to pay back the money his uncle owed. He and his aunt quickly came to the realization that unless he left the country, he would probably end up dead. *See* Compl. ¶¶ 22, 255; Paul Doe Decl. ¶ 3. He fears that if it becomes public knowledge that he is a plaintiff in a lawsuit against the United States, the gang members who threatened his life would target his family back in Haiti. Paul Doe Decl. ¶¶ 15~~7~~-18.

- Wilson Doe's wife was kidnapped in 2015, and her family was forced to collect a significant amount of money to ransom her and buy her freedom. But as soon as she was released, she and Wilson's family started receiving kidnapping threats again. There was no way for Wilson and his family to escape these threats except to leave Haiti. *See* Compl. ¶¶ 18, 225; Wilson Doe Decl. ¶ 4. But Wilson and his family were expelled back to Haiti, and they now live in hiding because they fear that if show themselves in public, they could become targets for kidnapping again. Wilson Doe Decl. ¶¶ 16-17.

These traumatic experiences, as further detailed in the Complaint, are of a "sensitive and highly personal nature," such that the Doe Plaintiffs' identities should not be disclosed. *Chao*, 587 F. Supp. 2d at 99; *see also, e.g.*, *Bird v. Barr*, No. 19-cv-1581, 2019 WL 2870234, at *5 (D.D.C. July 3, 2019) (first *Chao* factor weighed in favor of anonymity if Petitioners' safety or livelihoods could be jeopardized if their names were to be disclosed); *M.G.U.* Order at *5 (granting plaintiffs' motion to proceed using pseudonyms where plaintiffs "detailed the deadly threats they and their families have already faced and continue to face, and how public identification would only exacerbate these threats"); *J.W.*, 318 F.R.D. at 199 (noting that the confidentiality afforded to a child by proceeding under pseudonym "would be 'eviscerated unless the parent was also permitted to proceed using initials'" (citation omitted)).

## II. Public Knowledge Of Family Involved In This Petition Would Create A Risk Of Physical Or Mental Harm.

If the Doe Plaintiffs' names are disclosed through this litigation, both they and their children face a serious risk of retaliatory physical and mental harm. *See Supra*. Numerous courts have allowed plaintiffs and petitioners to proceed anonymously where doing so would protect them or their families from similar risks of violence. *See Doe v. U.S. Dep't of State*, No. 15-cv-01971, 2015 WL 9647660, at *1-3 (D.D.C. Nov. 3, 2015) (allowing plaintiff to proceed

8

pseudonymously in order to avoid "disclosing information that would help people who oppose the U.S.-led reconstruction efforts [in Iraq], such as ISIL members, to find [him] and kill him and his family"); *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (allowing petitioner to litigate pseudonymously "because of his fear that if he is returned to El Salvador he will be killed"); *Doe v. INS*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) ("Although the use of pseudonyms is not favored, we have resorted to it here to protect the petitioner's family, who remain in China, from possible reprisals."). And as this Court has recognized, it would "eviscerate[]" the confidentiality rightfully afforded to Plaintiffs if Wilson Doe, Jacques Doe, Esther and Emmanuel Doe, Samuel and Samentha Doe, and Paul Doe are not permitted to proceed anonymously. *J.W.*, 318 F.R.D. at 199.

As asylum seekers, Plaintiffs are "particularly vulnerable" to retaliation if their true names are revealed. *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017). Petitioners have already faced physical violence in Haiti and Mexico, as noted above, and exposing the Doe Plaintiffs' identities would leave them and their children vulnerable to the additional risk of retaliatory violence in the United States, Haiti, Mexico, or elsewhere. In particular, if their identities are disclosed in this litigation, the Doe Plaintiffs fear that the same individuals and gangs who threatened them and their families previously will seek out them or their children if they learn that the Doe Plaintiffs have fled the country, wish to seek asylum in the United States, and are participating as plaintiffs in a lawsuit against the U.S. government. *Id.* This is particularly concerning as all the Doe Plaintiffs remains in unsafe locations.

### III. Anonymity Is Particularly Important Given That Minor Children Are Involved.

Protecting Plaintiffs' anonymity is all the more warranted because some of them are parents to minor children. Indeed, the Federal Rules of Civil Procedure and the Local Rules of this Court mandate that the identities of minors be shielded from disclosure. Fed. R. Civ. P. 5.2(a); D.D.C.

9

R. 5.4(f)(2) (requiring use of initials to refer to minor children in Court filings). This Court has also frequently recognized the Court's paramount interest in protecting anonymity in similar circumstances. *See, e.g.*, *S.M.S.R.* Order at 6 (finding in lawsuit initiated by an asylum-seeking mother and her minor son that "Plaintiffs' interests in anonymity are especially acute," given the involvement of a child).

Revealing the names of Plaintiffs who are parents in public documents preserved in perpetuity risks revealing the identities of their minor children as well. This Court recognizes the critical importance of protecting identities where disclosure would implicate risks to children. *See U.S. Dep't of State*, 2015 WL 9647660, at *3 (anonymity is favored "when the interests of minors are involved because children are perceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation" (internal quotation marks, alteration and citation omitted)).

### IV. Respondents Are Government Officials And Agencies Who Will Not Be Prejudiced By Allowing Doe Plaintiffs to Proceed Pseudonymously.

Allowing Doe Plaintiffs to proceed pseudonymously is especially appropriate because Defendants are government officials sued in their official capacities. "When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Chao*, 587 F. Supp. 2d at 99 n.9 (citation omitted); *see also, e.g.*, *S.M.S.R.* Order at 6 ("[A]llowing the plaintiffs to proceed under pseudonyms will have no impact on any private rights, as the only defendants are government agencies and officers.").

Moreover, Doe Plaintiffs' identities already are known or knowable to Defendants in connection with Doe Plaintiffs' detention in the Del Rio encampment, such that "[a]llowing the plaintiffs to proceed pseudonymously thus will not compromise the defendants' ability to defend

10

this action and poses little risk of unfairness to the opposing party." *S.M.S.R.* Order at 6 (internal quotation marks and citation omitted); *see also, e.g.*, *U.S. Dep't of State*, 2015 WL 9647660, at *3 (government was unlikely to be prejudiced by plaintiff's pseudonymous filing because it had "long been in possession" of plaintiff's immigration application and was "fully apprised of all relevant information" (citation omitted)); *Al Otro Lado*, 2017 WL 6541446, at *6 (finding no prejudice to government defendants who "know the Individual Plaintiffs' names" and "have the information they need to defend against the claims").

Defendants will not suffer prejudice if the Court allows Doe Plaintiffs to proceed anonymously. The primary dispute in this case turns on Defendants' compliance with their obligations under the Constitution, the Administrative Procedure Act, and the asylum and withholding laws. The government's ability to demonstrate compliance will not diminish if Doe Plaintiffs' full names are omitted from public filings.

**V.    The Public Interest Is Not Served By Disclosing Doe Plaintiffs' Identities.**

In addition, the public's interests would not be served by the disclosure of Doe Plaintiffs' identities. Federal courts have the discretion to allow parties to proceed anonymously when "the impact of the [Petitioners'] anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Chao*, 587 F. Supp. 2d at 99. Here, no public interest weighs in favor of exposing the identities of these individuals and their vulnerable children. *See S.M.S.R.* Order at 5 ("The public's interest in the litigants' identity is *de minimis* compared to the significant privacy interests of the plaintiffs, asylum seekers who would face significant risks, including physical harm and death, if their identities were publicly revealed." (internal quotation marks and citation omitted)). While the public does indeed have an interest in seeing important asylum questions litigated, that interest in no way demands that the public obtain sensitive personal information about the litigants themselves. *See, e.g.*, *J.W.*, 318 F.R.D. at 202 (permitting student to file

11

anonymously because court documents would allow the public to understand those decisions and hold defendant accountable "regardless of whether the public can identify the parents of the particular student at issue"). Indeed, disclosure of Doe Plaintiffs' names would *harm* the public interest because the danger of exposing Doe Plaintiffs' identities would "create[] an unnecessary risk of chilling the willingness of asylum seekers from litigating important issues like the ones raised in this case." *Al Otro Lado*, 2017 WL 6541446, at *7.

Indeed, weighed against the minimal apparent interest in disclosure, Doe Plaintiffs' strong interest in maintaining their anonymity is more than sufficient to overcome any general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner,* 879 F.2d 873, 879 (D.C. Cir. 1989))).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court's leave to proceed using pseudonyms for Doe Plaintiffs Wilson Doe, Jacques Doe, Esther and Emmanuel Doe, Samuel and Samentha Doe, and Paul Doe.

| | |
|---|---|
| DATED: December 21, 2021 | Respectfully submitted,<br><br>*/s/ Karen C. Tumlin* |
| **Stephen Manning** (application for admission forthcoming)<br>stephen@innovationlawlab.org<br>**Tess Hellgren** (OR0023)<br>tess@innovationlawlab.org<br>INNOVATION LAW LAB<br>333 SW Fifth Avenue #200<br>Portland, OR 97204<br>Telephone: +1 503 922-3042<br>Facsimile: +1 503 882-0281<br><br>**Nicole Phillips** (*pro hac vice* forthcoming)<br>nphillips@haitianbridge.org<br>HAITIAN BRIDGE ALLIANCE<br>4265 Fairmount Avenue, Suite 280<br>San Diego, CA 92105<br>Telephone: +1 949 603-5751 | **Karen C. Tumlin** (CA00129)<br>karen.tumlin@justiceactioncenter.org<br>**Esther H. Sung** (CA00132)<br>esther.sung@justiceactioncenter.org<br>**Daniel J. Tully** (CA00130)<br>daniel.tully@justiceactioncenter.org<br>**Jane Bentrott** (DC Bar No. 1029681)<br>jane.bentrott@justiceactioncenter.org<br>**Lauren M. Wilfong** (application for admission pending)*<br>lauren.wilfong@justiceactioncenter.org<br>JUSTICE ACTION CENTER<br>P.O. Box 27280<br>Los Angeles, CA 90027<br>Telephone: +1 323 316-0944<br>Facsimile: +1 323 450-7276<br><br>*Not admitted to practice in California |