UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAITIAN BRIDGE ALLIANCE *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN *et al.*,<br><br>Defendants. | Civil Action No. 22-3317 (JMC) |

**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DEADLINE TO RESPOND TO ORDER TO SHOW CAUSE**

Plaintiffs, by and through undersigned counsel, move pursuant to Federal Rule of Civil Procedure 6(b)(1), for a two-week extension of Plaintiffs' deadline to respond to this Court's Order to Show Cause (such that Plaintiffs' response would now be due on June 16, 2023). Defendants do not oppose the requested extension, as per their statement in paragraph 8 below. As grounds for this Motion, Plaintiffs state as follows:

1.      On December 20, 2021, Plaintiffs filed the Complaint in this action "to ensure accountability and an end to the Biden Administration's harmful, discriminatory, and unlawful policies." Complaint (Dkt. 1) ("Compl.") ¶ 11. Plaintiffs allege in the Complaint that these policies include the Title 42 Process, pursuant to which "immigration officials detained Haitian asylum seekers for field processing in the CBP encampment and summarily expelled them," *id.* ¶ 7; and the Haitian Deterrence Policy, a policy "to suppress the growing number of Haitians arriving at the border and to deter Haitians from seeking asylum in the United States in the future.," *id.* ¶ 60.

1

2.        On January 30, 2023, the Biden Administration announced that it would allow the COVID-19 public health emergency declaration that enabled the adoption and enforcement of the Title 42 Process to expire at the end of the day on May 11, 2023.  The Title 42 Process would sunset with the expiration of the public health emergency declaration.

3.        On May 11, 2023, the COVID-19 public health emergency declaration expired.

4.        On May 12, 2023, this Court filed a minute order, stating that "[i]t is the Court's understanding that the challenged policies formally expired yesterday, May 11, and are no longer in effect."  The Court ordered Plaintiffs "to SHOW CAUSE, by June 2, 2023, why the case is not moot.  If Plaintiffs maintain that some portion of their claims are not moot, the Court further ORDERS Plaintiffs to clarify what claims they plan to pursue, and what remedies they are seeking in light of recent developments."  Minute Order, *Haitian Bridge Alliance v. Biden*, No. 21-cv-00317 (D.D.C. May 12, 2023).

5.        It is Plaintiffs' position that, notwithstanding the sunset of the Title 42 Process on May 11, 2023, the Haitian Deterrence Policy has not similarly expired.  As defined in the Complaint, the Haitian Deterrence Policy exists independent of the Title 42 Process and was designed "to deter Haitians from seeking asylum in the United States."  Compl. ¶ 60.  It is therefore Plaintiffs' position that the parties' dispute over the Haitian Deterrence Policy is not moot and that Plaintiffs and the putative class continue to suffer harm due to the Haitian Deterrence Policy.

6.        Plaintiffs respectfully request that this Court extend the deadline to respond to the Order to Show Cause by 14 days, so that Plaintiffs can provide the most updated information to demonstrate to the Court that they continue to "have a concrete interest, however small, in the outcome of the litigation," *Chafin v. Chafin*, 568 U.S. 165, 168 (2013), such that the case is not moot.

7.      Plaintiffs have good cause to seek this extension.  Three Individual Plaintiffs are still in precarious conditions outside the United States following their expulsion by Defendants to Haiti.  They continue to face threats to their safety, political instability, violent crime by gangs and cartels, and challenges to meeting their basic needs.  It remains difficult for these Individual Plaintiffs to communicate with their counsel due to inconsistent access to stable phone service, electricity to charge cell phones, and Internet connection.  In addition, all Individual Plaintiffs continue to face significant hurdles in communicating with undersigned counsel because not all counsel speak Haitian Kreyol, requiring counsel to hire and coordinate with professional interpreters for Individual Plaintiff communications.  Without an extension of time to respond to the Court's Order to Show Cause, it is unlikely that the eleven Individual Plaintiffs will all be able to adequately consult with undersigned counsel to allow counsel to prepare the most up-to-date response to this Court's Order to Show Cause.

8.      Pursuant to Local Civil Rule 7(m), on May 24, 2023, the undersigned counsel conferred with counsel for Defendants via email about this Motion.  On the same day, counsel for Defendants indicated that they took no position as to a two-week extension of Plaintiffs' deadline to respond to this Court's Order to Show Cause.  On May 26, 2023, Plaintiffs' counsel shared a draft of this motion with Defendants to provide further explication of the grounds for seeking an extension.  Defendants replied on May 30, 2023, that "Defendants do not oppose the requested extension to the extent Plaintiffs' counsel require additional time to consult with named Plaintiffs who Plaintiffs' counsel have been unable to reach for purposes of obtaining approval for the filing.  Defendants do not, however, believe new or updated information from named Plaintiffs is necessary to formulate a response to the Court's May 12, 2023 Order to Show Cause."

9.      Defendants will not be prejudiced by this extension as Defendants were given

notice and do not oppose Plaintiffs' Motion for Extension.

10.      A proposed order is attached.


DATED: May 30, 2023                        Respectfully submitted,


                                           /s/ Tess Hellgren

**Karen C. Tumlin** (CA00129*)*            **Tess Hellgren** (OR0023)
karen.tumlin@justiceactioncenter.org       tess@innovationlawlab.org
**Esther H. Sung** (CA00132)               **Stephen Manning** (OR0024)
esther.sung@justiceactioncenter.org        stephen@innovationlawlab.org
**Jane Bentrott** (DC Bar No. 1029681)     INNOVATION LAW LAB
jane.bentrott@justiceactioncenter.org      333 SW Fifth Avenue #200
**Lauren M. Wilfong*** (NJ041)             Portland, OR 97204
lauren.wilfong@justiceactioncenter.org     Telephone: +1 503 922-3042
JUSTICE ACTION CENTER                      Facsimile: +1 503 882-0281
P.O. Box 27280
Los Angeles, CA 90027
Telephone: +1 323 316-0944                 **Stanley Young** (CA00146)
Facsimile: +1 323 450-7276                 syoung@cov.com
                                           **Matthew E. Delgado** (CA Bar No. 306999)
*Not admitted to practice in California    (*pro hac vice*)
                                           mdelgado@cov.com
                                           COVINGTON & BURLING, LLP
**Nicole Phillips** (admitted *pro hac vice*)   3000 El Camino Real
nphillips@haitianbridge.org                5 Palo Alto Square, 10th Floor
HAITIAN BRIDGE ALLIANCE                    Palo Alto, CA 94306-2112
4265 Fairmount Avenue, Suite 280           Telephone: +1 650 632-4704
San Diego, CA 92105
Telephone: +1 949 603-5751
                                           **Alexander L. Schultz** (DC Bar No. 1618410)
                                           aschultz@cov.com
                                           COVINGTON & BURLING, LLP
                                           1999 Avenue of the Stars
                                           Los Angeles, CA 90067-4643
                                           Telephone: +1 424 332-4788


                                           **Maura A. Sokol** (DC Bar No. 1672674)
                                           msokol@cov.com
                                           COVINGTON & BURLING, LLP
                                           850 Tenth Street, NW
                                           Washington, DC 20001
                                           Telephone: +1 202 662-5528


4

5

*Counsel for Plaintiffs*

Case 1:21-cv-03317-JMC   Document 52   Filed 05/30/23   Page 5 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAITIAN BRIDGE ALLIANCE *et al.*,

          Plaintiffs,

          v.

JOSEPH R. BIDEN *et al.*,

          Defendants.

Civil Action No. 22-3317 (JMC)

## ORDER

Based upon consideration of Plaintiffs' Unopposed Motion to Extend Deadline to Respond to This Court's Order to Show Cause, and for good cause shown, it is hereby ORDERED that:

1.     Plaintiffs' Motion is GRANTED;

2.     Plaintiffs shall file their response to this Court's Order to Show Cause no later than June 16, 2023.

SO ORDERED this _____ day of _____, 2023.

_____
U.S. District Court Judge

1