IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAITIAN BRIDGE ALLIANCE *et al.*,
        *Plaintiffs*,

v.

JOSEPH R. BIDEN, President of the United States, *et al.*,
        *Defendants*.

Civil Action No. 1:21-cv-03317 (JMC)

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT WITH MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 15(d), Plaintiffs respectfully move the Court for leave to file a supplemental complaint ("Supplemental Complaint," attached hereto) setting forth events that have occurred subsequent to the filing of Plaintiffs' original Complaint, *see* ECF No. 1, and seeking additional relief in light of those events. Defendants oppose the Motion.

**I.   BACKGROUND**

Plaintiffs filed their Complaint in this action on December 20, 2021. *See* ECF No. 1 ("Compl."). In the Complaint, Plaintiffs challenge conduct including two separate policies: (1) the "Title 42 Process," under which immigration officials detain and summarily expel asylum seekers in the name of a public health emergency (specifically, COVID-19); and (2) the "Haitian Deterrence Policy," the intention of which is "to suppress the growing number of Haitians arriving at the border and to deter Haitians from seeking asylum in the United States in the future," developed by the Biden Administration. *See* Compl. ¶¶ 7, 60.

Defendants filed a Motion to Dismiss in this case on June 10, 2022 (ECF No. 28), and briefing was completed on the motion on September 2, 2022 (ECF Nos. 38, 48).

On January 30, 2023, the Biden administration announced that it would allow the COVID-19 public health emergency declaration to expire at the end of the day on May 11, 2023.[1] Upon the expiration of the declaration – the purported public health basis for the Title 42 Process – the federal government ceased enforcing the Title 42 Process.[2]

On May 12, 2023, the Court ordered Plaintiffs to show cause why their claims were not moot, on the "understanding that the challenged policies formally expired yesterday, May 11, 2023, and are no longer in effect." Minute Order (May 12, 2023).

Since the filing of the Complaint, ECF No. 1, on December 20, 2021, all but three of the Individual Plaintiffs have entered the United States. Plaintiffs have notified Defendants of changes in the situations of the Plaintiffs, but a Supplemental Complaint would allow the pleadings in the case to reflect the current status of each Plaintiff and allow Plaintiffs to allege how each Plaintiff would benefit from a judgment in Plaintiffs' favor in this case. In addition, Defendants have taken additional steps to further the Haitian Deterrence Policy since the filing of the Complaint, creating additional harms to Individual Plaintiffs and putative class members, which shed light on the ongoing nature of the Haitian Deterrence Policy separate from Title 42 and require additional relief.

---

[1] Reuters, "*U.S. to end COVID-19 emergency declarations on May 11*," (Jan. 31, 2023) (available at reuters.com/world/us/us-end-covid-19-emergency-declarations-may-11-2023-01-30/)

[2] NPR, "*Biden Administration Ends Title 42. What Now*?" (May 14, 2023) (available at https://www.npr.org/2023/05/12/1175865631/biden-administration-ends-title-42-what-now)

## II.  LEGAL STANDARD

Federal Rule 15(d) permits a party, "[o]n motion and reasonable notice . . . to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The court should freely give leave [to supplement a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Motions to file supplemental pleadings "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Hall v. Cent. Intelligence Agency*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1504, at 186-87 (2d ed. 1990)).

## III.  ARGUMENT

Defendants' actions continue to cause Plaintiffs harm that can be redressed by this Court. First, Defendants have taken new actions to continue the implementation of the Haitian Deterrence Policy, and which further complicate certain Individual Plaintiffs' and putative class members' efforts to seek asylum in the United States. Defendants' actions in Del Rio in September 2021 under the Title 42 process and Haitian Deterrence Policy caused Plaintiffs harms which are ongoing and yet to be remedied. While the current cessation of Defendants' application of the Title 42 process does not moot Plaintiffs' claims (*see* Plaintiffs' Response to Order to Show Cause, filed concurrently), Plaintiffs now move for leave to file a Supplemental Complaint in order to account for these ongoing harms, and to set out such "event[s] that happened after the date of the pleading of be supplemented." Fed. R. Civ. P. 15(d).

Rule 15(d) provides that the "court may permit supplementation even though the original pleading is defective in stating a claim." *Id*. Although Plaintiffs strenuously disagree that their claims are moot, Rule 15(d) makes clear that supplementation here would be appropriate to correct

3

such an issue if it did exist. *See also Streicher v. Washington,* 1992 WL 73508, at *4 (D.D.C. March 20, 1992) ("When determining whether to grant leave, a court should also consider whether the denial of the amendment or supplement compromises plaintiffs' chances of recovery.") (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982), reh'g denied, 697 F.2d 1092 (1983), cert. denied, 464 U.S. 814 (1983)).

The factual allegations Plaintiffs now seek to include in their Supplemental Complaint confirm that Plaintiffs' claims are indeed *not* moot, specifically because (1) the Haitian Deterrence Policy persists even after the public health grounds for Title 42 have expired; and (2) Plaintiffs and putative class members continue to suffer ongoing harms from both the Title 42 process and the Haitian Deterrence Policy and would benefit from a judgment in their favor. Furthermore, allowing the filing of Plaintiffs' Supplemental Complaint "will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *See Hall*, 437 F.3d at 101.

### A. Plaintiffs' Supplemental Complaint Alleges the Continued Application of the Haitian Deterrence Policy After Termination of the Title 42 Process.

Under the continuing Haitian Deterrence Policy, Defendants have found new and devastating mechanisms, beyond the Title 42 Process, to deter Haitian migrants from exercising their statutory right to apply for asylum. The Supplemental Complaint addresses these new developments, focusing on two current manifestations of the Haitian Deterrence Policy: Haitian Parole and the Asylum Ban.

Under a new parole pathway that began on January 6, 2023 for Haitians ("Haitian Parole") as part of a set of new parole pathways for Cubans, Haitians, Nicaraguans, and Venezuelans, Haitians must meet stringent eligibility criteria to qualify for advanced authorization to travel to

the United States.[3]  *See* Supplemental Complaint ("Suppl. Compl.") ¶ 16. The Haitian Parole program is explicitly designed to "disincentivize Haitians in northern Mexico from seeking to enter along the [Southwest Border] of the United States without authorization."[4]  *Id.*  Since the onset of the program, the U.S. government has amended the program to further limit Haitians' access to asylum, to specifically exclude Haitian asylum seekers interdicted at sea after April 27, 2023.[5] *Id.* ¶ 15.  The result of the Haitian Parole program has been to diminish border encounters of Haitian nationals from just over 3,900 in December 2022 to between 170 to 300 per month from February to April 2023.[6] *Id.* ¶ 17.

Defendants have also continued the Haitian Deterrence Policy through a new agency rule called "Circumvention of Lawful Pathways" (hereinafter, "Asylum Ban"), which imposes a presumptive bar on asylum eligibility for most people arriving at the southern land border.[7]  The Asylum Ban went into effect upon the sunset of the Title 42 Process on May 11, 2023, and explicitly aims to address "concern about the possibility of a surge in irregular migration upon, or in anticipation of" the end of Title 42 and the potential for increased migrants from Haiti, among

---

[3] U.S. Citizenship and Immigration Services, "*Processes for Cubans, Haitians, Nicaraguans, and Venezuelans*," (last visited June 14, 2023) (available at https://www.uscis.gov/CHNV)

[4] Federal Register, "*Implementation of a Parole Process for Haitians*," at p. 1244 (Jan. 9, 2023) (available at https://www.federalregister.gov/documents/2023/01/09/2023-00255/implementation-of-a-parole-process-for-haitians)

[5] Federal Register, "*Implementation of a Change to the Parole Process for Haitians*," (April 28, 2023) (available at https://www.federalregister.gov/documents/2023/04/28/2023-09014/implementation-of-a-change-to-the-parole-process-for-haitians).

[6] U.S. Customs and Border Protection, "*CBP Releases April 2023 Monthly Operational Update*," (May 17, 2023) (available at https://www.cbp.gov/newsroom/national-media-release/cbp-releases-april-2023-monthly-operational-update#).

[7] *See* Federal Register, "*Circumvention of Lawful Pathways*," at pp. 31,316, 31,319, 31,341–42 (May 11, 2023) (available at https://www.federalregister.gov/documents/2023/05/16/2023-10146/circumvention-of-lawful-pathways).

other countries.[8] *Id.* ¶ 21. Notably, the final version of the Asylum Ban was expanded from initial proposed rulemaking to deter migrants who enter the United States through "adjacent coastal borders"—an expansion that will have a disproportionate impact on Haitians who, along with Cubans, constitute the largest population of asylum-seekers attempting to reach the United States by sea.[9] *Id.* ¶ 22. Asylum seekers barred by the Asylum Ban "will generally be processed under Title 8 expedited removal authority" and removed to Mexico "in a matter of days."[10] *Id.* ¶ 28.

### B. Plaintiffs' Supplemental Complaint Alleges Ongoing Harm to Plaintiffs.

Plaintiffs also allege specific ongoing harms in the Supplemental Complaint, further demonstrating how the end of Title 42 has not provided Plaintiffs with the relief they are seeking in this lawsuit. Three Individual Plaintiffs remain outside the United States in dangerous conditions. Mirard Joseph, Madeleine Prospere, and Jacques Doe all have lived under threat of violence since they were expelled as a direct result of Defendants' application of the Title 42 process and Haitian Deterrence Policy in Del Rio in September 2021. Mirard and Madeleine are currently in Chile, where their family struggles to make ends meet and where Haitians suffer widespread discrimination and violence. Supp. Compl. ¶¶ 37–39. Plaintiff Jacques Doe is in hiding in Haiti from the gangs that targeted him prior to his coming to Del Rio; he goes hungry when he is unable to find odd jobs to sustain himself. *Id.* ¶¶ 41–42. All three of these Plaintiffs were prevented from seeking humanitarian parole as well as asylum and all have been deprived of the possibility of obtaining Temporary Protected Status ("TPS") due to their expulsion from the

---

[8] *Id.*

[9] *See* Federal Register, "*Implementation of a Change to the Parole Process for Haitians*," at pp. 26,328 (Apr. 28, 2023) (available at https://www.federalregister.gov/documents/2023/04/28/2023-09014/implementation-of-a-change-to-the-parole-process-for-haitians).

[10] 88 Fed. Reg. at 63,511; https://cl.usembassy.gov/u-s-government-announces-sweeping-new-actions-to-manage-regional-migration/.

United States by Defendants. *Id.* ¶¶ 40, 43. In addition, notwithstanding the fact that the Immigration and Nationality Act ("INA") expressly allows any individual "who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival . . .)" to "apply for asylum," the Haitian Parole process and the Asylum Ban unlawfully disincentivize these three plaintiffs and other putative class members who remain outside the country from returning to the United States and presenting at the border to seek asylum as permitted by the INA. 8 U.S.C. § 1158(a)(1).

The Individual Plaintiffs who have been able to come to the United States remain in legal limbo: recipients of temporary grants of humanitarian parole, but still seeking permanent protection after submitting Applications for Asylum and Withholding of Removal. These one-year grants of parole have expired or will expire soon, putting these Plaintiffs' eligibility for work authorization in jeopardy. Had they not been expelled at Del Rio, these Plaintiffs would not only be eligible for but also likely would have already received work authorization based on their pending asylum applications. Supp. Compl. ¶¶ 44–46.

Plaintiff Haitian Bridge Alliance ("HBA") also continues to suffer ongoing harms due to the Defendants' implementation of the Title 42 Process and Haitian Deterrence Policy. The demand on HBA's resources remains elevated in Mexico and along the southern border, and HBA continues to regularly encounter class members who were expelled to Mexico or to Haiti and who have since returned to Mexico. Supp. Compl. ¶¶ 52–53. This increased demand has diverted significant resources from HBA's existing work, drawing resources away from HBA's normal fundraising and administrative operations and causing delay in several key areas of HBA's existing work. *Id.* ¶ 55. HBA is also grappling with the primary and secondary trauma that HBA staff experienced at Del Rio in September 2021 and in the aftermath of the events at issue in this

litigation, and HBA staff continue to experience the effects of burnout and trauma resulting from Defendants' actions, which undermine their ability to complete their work most effectively. *Id.* ¶ 56.

### C. Leave to Supplement Should Be Freely Granted.

In addition to the above considerations, leave to supplement in this case should be "freely granted" because it "will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Hall*, 437 F.3d at 101.

*First*, "[t]he interests of judicial economy and convenience would be served where, as here, the plaintiffs' motion to supplement their complaint raises similar legal issues to those already before the court, thereby averting a separate, redundant lawsuit." *The Fund For Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007). Although Rule 15(d) permits it, Plaintiffs do not seek to add any new claims or parties to this action by way of the Supplemental Complaint. Rather, the Supplement Complaint is limited to adding new allegations regarding facts that have arisen since the filing of the original Complaint and new relief requests to remedy some of the effects these developments have had on Plaintiffs, which would not have occurred but for Defendants' conduct at Del Rio. Furthermore, the allegations and relief requests that Plaintiffs do seek to add all arise from the same or similar legal issues that were already presented in Plaintiffs' Complaint: namely, Defendants' conduct at Del Rio, including the operation of the Title 42 process and Haitian Deterrence Policy against Plaintiffs.

*Second*, Plaintiffs' filing of the Supplemental Complaint would not cause any undue delay or trial inconvenience. Plaintiffs have acted as promptly as possible in filing this Supplemental Complaint, a little over a month after the end of Title 42 and in response to the Court's Order to Show Cause. Individual Plaintiffs outside of the United States continue to have difficulties

communicating with counsel due to inconsistent ability to access stable cell phone service, electricity to charge phones, and Internet connection. Many of the conversations between counsel and Individual Plaintiffs that informed the allegations in the Supplemental Complaint occurred over the previous week and a half.

Furthermore, although this case has been pending since December 2021, the litigation is still in relatively early stages. A motion to dismiss is still pending, discovery has not started yet, and there is no trial set. Any slight delay at this juncture in order for Defendants to respond to the allegations in the Supplemental Complaint does not warrant precluding its filing. *See Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 249 (D.D.C.2004) (noting that "delay without the requisite prejudice is ordinarily insufficient to justify denial of leave to amend"). On the other hand, requiring Plaintiffs to file a new, separate lawsuit against Defendants' actions under the evolving Haitian Deterrence Policy and seeking relief for Plaintiffs after the Title 42 Process has ended – relief which could more efficiently be granted in this case – would plainly cause Plaintiffs "undue delay or trial inconvenience."

*Third*, the Supplemental Complaint will not cause any undue prejudice to Defendants, who, even if they were to allege the filing is late, cannot show they were "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [supplement] been timely." *Butler v. White*, 67 F. Supp. 3d 59, 67-68 (D.D.C. 2014) (quoting *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003). Any prejudice claimed by Defendants "must in fact be 'undue.'" *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 248 (D.D.C. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). New factual allegations and relief requests which relate directly to Plaintiffs' claims as

pled in the original Complaint will not prejudice Defendants' ability to present facts or evidence in their defense in this action.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Plaintiffs' Motion for Leave to File a Supplemental Complaint.

DATED:  June 16, 2023

Respectfully submitted,

/s/ *Tess Hellgren*
Tess Hellgren

**Stanley Young** (CA00146)
syoung@cov.com
COVINGTON & BURLING, LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: +1 650 632-4704

**Alexander L. Schultz** (DC Bar No. 1618410)
aschultz@cov.com
COVINGTON & BURLING, LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: +1 424 332-4788

**Maura A. Soko**l (DC Bar No. 1672674)
msokol@cov.com
COVINGTON & BURLING, LLP
850 Tenth Street, NW
Washington, DC 20001
Telephone: +1 202 662-5528

**Tess Hellgren** (OR0023)
tess@innovationlawlab.org
**Stephen Manning** (OR0024)
stephen@innovationlawlab.org
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
Telephone: +1 503 922-3042
Facsimile: +1 503-882-0281

**Nicole Phillips** (*pro hac vice*)
nphillips@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4265 Fairmount Avenue, Suite 280
San Diego, CA 92105
Telephone: +1 949 603-5751

**Lauren M. Wilfong** (NJ0014)*
lauren.wilfong@justiceactioncenter.org
**Esther H. Sung** (CA00132)
esther.sung@justiceactioncenter.org
**Jane Bentrott** (DC Bar No. 1029681)
jane.bentrott@justiceactioncenter.org
**Karen C. Tumlin** (CA00129*)*
karen.tumlin@justiceactioncenter.org
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: +1 323 316-0944
Facsimile: +1 323 450-7276

*Not admitted to practice law in California*

*Counsel for Plaintiffs*